19-1052
*Doe v. Merck & Co., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                  *Circuit Judges.*
_____

JANE DOE, individually and as Parent/Guardian of Baby Doe,
BABY DOE,
                  *Plaintiffs-Appellants*,


                  v.                                                    19-1052


MERCK & CO., INC., HEALTH AND HUMAN SERVICES, ALEX AZAR, in his official capacity as Secretary of Health and Human Services, STEPHEN HAHN, M.D. in his official capacity as Acting Commissioner of Food and Drugs (a division of HHS), UNITED STATES OF AMERICA,

                  *Defendants-Appellees.*[1]
_____


Appearing for Appellants:     Patricia Finn, Nanuet, N.Y.

Appearing for Appellees:      Dino S. Sangiamo (Adam Possidente, Matthew T. McLaughlin, Mitchell Y. Mirviss, Davis S. Gray, *on the brief*), Venable LLP, New York, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Layaliza Soloveichik, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Jane Doe and Baby Doe ("Plaintiffs") appeal from the March 21, 2019 decision and order of the United States District Court for the Eastern District of New York (Block, *J.*) dismissing their complaint for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs are a mother and son who allege that the son, Baby Doe, developed autism as a result of thimerosal-containing vaccines ("TCVs"), the measles mumps rubella ("MMR") vaccine, or a combination of the two that he received as an infant. Plaintiffs brought suit against Merck as the manufacturer of the MMR vaccine that Baby Doe received in 1999, as well as the Department of Health and Human Services, the Secretary of Health and Human Services ("Secretary"), the Acting Commissioner of the Food and Drug Administration ("FDA"), and the United States (collectively, "the federal Defendants").

Plaintiffs' complaint alleges three counts. Count One claims that all defendants violated the National Childhood Vaccine Act of 1986 ("Vaccine Act"), 42 U.S.C. § 300aa-1, *et seq*. Count Two alleges that Merck committed fraud and conspired to commit fraud. Count Three seeks declaratory and injunctive relief, primarily in the form of an order directing the Secretary to instruct the FDA to revoke Merck's license to manufacture the MMR vaccine.

We affirm the district court's decision to dismiss Count One claims against both Merck and the federal Defendants.[2] Regarding Merck, Plaintiffs allege that all of their Count One claims arise under the Vaccine Act, but that Act does not establish a private right of action against manufacturers, such as Merck. The Vaccine Act sets forth administrative procedures that must be exhausted in order for a petitioner to bring a state law tort claim against a private entity and precludes actions against manufacturers by petitioners who have not administratively exhausted. *See* 42 U.S.C. §§ 300aa-22(a), 300aa-11(a)(2). But neither these provisions nor any other in the Vaccine Act enable petitioners to sue private entities for alleged violations of the Act. As we held in *Olmsted v. Pruco Life Insurance Co. of New Jersey*, 283 F.3d 429, 432 (2d Cir. 2002), where "[n]o provision of [a statute] explicitly provides for a private right of action for violations of [specific provisions of that statute], . . . we must presume that Congress did not intend one." That presumption is reinforced here because the provisions in question focus on the "person regulated rather than the individuals protected." *Id.* at 432-33 (internal quotation marks

---

[2] Although the district court relied on different grounds in dismissing Count One, we are free to affirm on any ground that has support in the record. *See Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000).

2

and citation omitted). Moreover, Congress created a citizen-suit provision to allow claims against the Secretary for failure to perform an act or duty under the Act, 42 U.S.C. § 300aa-31, and "Congress's explicit provision of a private right of action to enforce one section of a statute suggests that omission of an explicit private right to enforce other sections was intentional." *Olmsted*, 283 F.3d at 433. The district court was therefore correct in dismissing Plaintiffs' claims against Merck under Count 1.

Although Plaintiffs may sue the Secretary—and only the Secretary—pursuant to 42 U.S.C. § 300aa-31, Plaintiffs' complaint contains no factual allegations articulating which duties were violated or how they were violated.[3] Plaintiffs' claims against the Secretary for violations of the Vaccine Act were thus properly dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks and citation omitted)).

We likewise affirm the district court's dismissal of Count Two. "Under New York law, to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (internal quotation marks and citations omitted). Here, however, there was no reliance. The relevant vaccines were given to Baby Doe in 1999, yet the earliest allegedly fraudulent act took place in June 2000. Accordingly, Plaintiffs cannot establish that they relied on the purportedly fraudulent conduct. *See id.* (explaining that plaintiff could not demonstrate reliance on a statement in making an investment because the investment predated the statement). And because Plaintiffs' fraud claim fails, so does their conspiracy-to-commit-fraud claim. *See Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 237 (2d Cir. 2006) ("Under New York law, civil conspiracy to commit fraud, standing alone, is not actionable if the underlying independent tort has not been adequately pleaded." (internal quotation marks, ellipses, and citation omitted)).

Finally, we affirm the district court's dismissal of Count Three. With respect to Plaintiffs' challenge to the FDA's licensing of Merck to manufacture the MMR vaccine, the district court's invocation of the doctrine of primary jurisdiction was not erroneous. Reliance on the doctrine of primary jurisdiction is "appropriate whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Ellis v. Tribune Television Co.*, 443 F.3d 71, 81 (2d Cir. 2006) (internal quotation marks and citation omitted). Here, the relevant considerations counsel for the conclusion that on this matter the FDA has primary jurisdiction. The question of the efficacy and safety of Merck's vaccines "involves technical or policy considerations within the agency's particular field of expertise." *See id.* at 82-83. In addition, this type of licensing is within the agency's discretion under 42 U.S.C. § 262. *See Ellis*, 443 F.3d at 83. Moreover, uniformity would be more appropriately reached through application to one administrative agency rather

---

[3] Although Plaintiffs allege some facts in their briefing on appeal, Plaintiffs failed to allege any of these facts in their complaint despite having filed three different complaints in this action. Plaintiffs "should not be able effectively to amend a complaint through any document short of an amended pleading." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9 (3d Cir. 2002).

than the various courts. *See id.* at 82. And lastly, although the FDA provides for "citizen petitions," 21 C.F.R. § 10.30, there is no indication that Plaintiffs have filed one here. For these reasons, we agree with the district court that challenges to Merck's license should be directed in the first instance to the FDA.

With respect to Plaintiffs' challenge to New York's MMR-vaccine requirements, it is not apparent to us how any of the federal Defendants could be liable for New York's decision to require the MMR vaccine, and the State of New York is not a defendant in this suit. Indeed, Plaintiffs style this as a Fourteenth Amendment challenge, but the Fourteenth Amendment "applies to the states but not to the federal government." *See Noel v. Chapman*, 508 F.2d 1023, 1026 n.2 (2d Cir. 1975). Therefore, the district court correctly dismissed Count Three as well.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk